Sneed, J.,
delivered the opinion of the court.
The complainant, as administrator of the estate of the late James C. Moses, having exhausted the personal assets of said estate in payment of the debts thereof .and without any suggestion of insolvency, brought this bill in the chancery court at Knoxville, ,to sell the real estate of his said intestate to discharge other debts of said estate still unpaid. The land was sold under said proceeding, according to the provisions of the statute, Code 2267 [Shannon’s Code, sec. 4000], and the proceeds paid into the hands of the clerk and master. The complainant thereupon moved that the *415 fund be paid over to him that he might proceed in the administration. He offered to give a special bond for its faithful disposition, but the chancellor refused the application, and the complainant has appealed. In this the chancellor did right. The practice under this statute, originally the act of 1827, ch. 54, was settled in the case of Dulles v. Read, 6 Yer., 65, in accordance with the ruling of the chancellor in this case, and the doctrine of that case was reaffirmed by this court in Gillespie v. Darwin, 6 Heis., 25, in which it is said that “the fund arising from the sale of the land was not under the control of the administrator, but was in the custody of the court-.” There are several good reasons for the rule thus established. The administrator is the mere representative of the personalty; he has given no bond that could bind his sureties for moneys arising from the sale of realty, and though, perhaps, he might in such case execute a bond which would secure the fund, yet the very act of changing the custodian of the fund, first, from the commissioner to the master, and then from the master to the administrator, must accumulate cost and expenses to the estate, which in justice both to the creditor, who is entitled to his debt, and the heir or devisee who is entitled to the surplus, ought to be prevented. “The act intended,” say the court in Dulles v. Read, “that the chancellor, having an account of all the debts before him and an exact knowledge of the character, description and probable value of the estate, should take the lands into the custody of the court and direct its sale for the benefit of all, under such circumstances as would insure the best price.” Thus says another excellent authority, every creditor may present his demand to the clerk, and have it adjudicated and paid out of the proceeds of the land. This one suit by the administrator or an unpaid creditor, is designed to bring the whole real estate into court and dispose of it for the equal benefit of every creditor who may come forward with his demand and ask for a participation in the fund. *416 The surplus belongs, as the land did, to the heirs or devisees. It is not personal estate to be administered. Car. Hist. L. S., secs. 623-4; Read v. Bostick, 6 Hum., 321. We hold that in such case the fund must be retained and disbursed in the court where the bill is filed. Affirm the decree and remand the cause. The costs will be paid out of the trust fund.